UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REBECCA O.,

            Plaintiff,

v.                                               6:21-CV-0403 (ML)

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

OLINSKY LAW GROUP                  ALEXANDER C. HOBAICA, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street-Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     MOLLY CARTER, ESQ.
  Counsel for the Defendant                  Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER**

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on September 20, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is DENIED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 21) is GRANTED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)  Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 22, 2022
      Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
O

vs.                                    6:21-CV-0403

COMMISSIONER OF SOCIAL SECURITY



_____




                    DECISION AND ORDER


                    September 20, 2022


              The HONORABLE MIROSLAV LOVRIC,
                DISTRICT MAGISTRATE JUDGE




                     A P P E A R A N C E S

For Plaintiff:      ALEXANDER HOBAICA, ESQ.


For Defendant:      MOLLY CARTER, ESQ.


               Ruth I. Lynch, RPR, RMR, NYSRCR
               Official United States Court Reporter
                  Binghamton, New York  13901
```

```
 1            THE COURT:  All right.  The Court's going to begin
 2   its analysis and decision as follows.
 3            Plaintiff has commenced this proceeding pursuant
 4   to Title 42 United States Code Sections 405(g) and 1383(c)
 5   to challenge the adverse determination by the Commissioner
 6   of Social Security finding that she was not disabled at the
 7   relevant times and therefore ineligible for the benefits
 8   that she sought.  By way of background, the Court states as
 9   follows:
10            Plaintiff was born in 1978.  She is currently
11   approximately 43 years old.  She was approximately 40 years
12   old on March 30th of 2019, the application date.  At the
13   administrative hearing plaintiff testified that she lives in
14   a house with her parents and her son who was a minor at the
15   time but has since reached the age of majority.  Plaintiff
16   stands approximately 5 feet 8 inches tall and weighs
17   approximately 215 pounds.  Plaintiff has at least a high
18   school education.
19            Procedurally the Court states as follows:
20   Plaintiff applied for Title XVI benefits on March 30th of
21   2019 alleging an onset date of March 26 of 2019.
22   Administrative Law Judge Gretchen Mary Greisler conducted a
23   hearing on August 26th of 2020 to address plaintiff's
24   application for benefits.  ALJ Greisler issued an
25   unfavorable decision on September 21 of 2020.  That became a
```

1  final determination of the agency on February 5th of 2021
2  when the Social Security Administration Appeals Council
3  denied plaintiff's application for review.
4      This action was commenced on April 28, 2021, and
5  it is timely.
6      In her decision, ALJ Greisler applied the familiar
7  five-step test for determining disability.
8      At step one, the ALJ concluded that plaintiff had
9  not engaged in substantial gainful activity since
10 March 30th, 2019, the application date.
11     At step two, the ALJ concluded that plaintiff
12 suffers from severe impairments that impose more than
13 minimal limitations on her ability to perform basic work
14 activities, specifically left lumbar radiculopathy, left
15 carpal tunnel syndrome, osteoporosis, COPD, obesity,
16 bipolar II disorder, and polysubstance abuse.
17     At step three, ALJ Greisler concluded that
18 plaintiff's conditions do not meet or medically equal any of
19 the listed presumptively disabling conditions set forth in
20 the Commissioner's regulations, and the ALJ focused on the
21 following listings:  Listing 1.04 dealing with disorders of
22 the spine, listing 3.02 dealing with chronic respiratory
23 disorders, listing 3.03 dealing with asthma, and listing
24 12.04 dealing with depressive, bipolar and related
25 disorders.

           Next, the ALJ next determined that plaintiff retains the residual functional capacity to perform light work except that she will need brief, 1- to 2-minute changes in position after sitting, standing, or walking for 30 minutes, but that plaintiff retains the ability to remain on task.  The ALJ also concluded that plaintiff can occasionally stoop, balance, crouch, kneel, and climb stairs and ramps, but cannot crawl, climb ladders, ropes, or scaffolds.  The ALJ also concluded that plaintiff cannot be exposed to unprotected heights and cannot tolerate concentrated exposure to respiratory irritants.  The ALJ concluded that plaintiff can perform simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions, and a few, if any, workplace changes.  ALJ noted that plaintiff can be around coworkers and supervisors throughout the day, with occasional interaction, and she can tolerate incidental interaction with the public, and plaintiff can make simple decisions and tolerate occasional changes.

           At step four, the ALJ concluded that plaintiff could not perform her past relevant work as a retail cashier, a stocker, a storekeeper, or as a fast food worker.

           At step five, the ALJ concluded that, based on the testimony of the vocational expert, and considering

1   plaintiff's age, education, work experience, and residual
2   functional capacity, that there are jobs that exist in
3   significant numbers in the national economy that plaintiff
4   can perform.  More specifically, the vocational expert
5   testified that plaintiff could perform the requirements of
6   representative occupations such as garment sorter,
7   dispatch/router, and linen grader.  As a result, the ALJ
8   concluded that plaintiff has not been under a disability as
9   defined in the Social Security Act since March 30th of 2019,
10  the date the application was filed.
11              Now, as the parties know, this Court's functional
12  role in this case is limited and extremely deferential.  I
13  must determine whether correct legal principles were applied
14  and whether the determination is supported by substantial
15  evidence, defined as such relevant evidence as a reasonable
16  mind would find sufficient to support a conclusion.  As the
17  Second Circuit noted in Brault V. Social Security
18  Administration Commissioner, that can be found at 683 F.3d
19  443, a 2012 Second Circuit case, and therein the Second
20  Circuit noted that this standard is demanding, more so than
21  the clearly erroneous standard.  The Second Circuit noted in
22  Brault that once there is a finding of fact, that fact can
23  be rejected only if a reasonable fact-finder would have to
24  conclude otherwise.
25              Now, in this appeal before this Court, the

1   plaintiff raises one contention.  Plaintiff argues that the
2   ALJ's RFC determination is not supported by substantial
3   evidence because she failed to evaluate the opinion from
4   NP Miller in accordance with the proper legal standards.
5           The Court begins its analysis and decision by
6   stating the following:  For the reasons stated in
7   defendant's brief, I find that substantial evidence supports
8   the ALJ's RFC finding.  As set forth in defendant's brief,
9   the opinions of Dr. Puri, Dr. Baronos, and Dr. Lawrence,
10  none of which were challenged by plaintiff, support the RFC
11  finding.  Further, as set forth by defendant, the ALJ
12  supportably found that Miss Miller's opinion was not
13  persuasive because she completed it with plaintiff's input
14  and it was inconsistent with the medical evidence and
15  plaintiff's activities.
16          The Court notes, first, as I've stated, the Court
17  notes that Miss Miller's opinion dated June 27th of 2017 and
18  October 26 of 2017 were outside the period in question,
19  having been -- having been rendered approximately two years
20  before the alleged onset date.
21          Second, with respect to Miss Miller's opinion
22  dated September 24th of 2019, which was cosigned by
23  Dr. Stewart, the ALJ properly considered the opinion's
24  supportability in concluding that it likely reflected
25  plaintiff's assessment of her function as opposed to Miss

1  Miller's medical opinion.  The Court also notes in addition,
2  plaintiff's citations to Miss Miller's treatment notes from
3  June 2017 to September 2018 are unavailing because the
4  relevant time period began in March of 2019.  See case
5  Jeffrey G. versus Commissioner of Social Security,
6  20-cv-1016, a 2021 case, that can be found at West Law
7  4844146, at page 6.  And that is a Northern District New
8  York October 18, 2021 decision issued by Magistrate Judge
9  Baxter.  And therein Judge Baxter wrote, the case stands for
10 holding that the ALJ was under no obligation to consider the
11 plaintiff's alleged condition before the date he applied for
12 benefits.  In addition, citations to plaintiff's subjective
13 complaints do not enhance the supportability of Miss
14 Miller's opinion.
15         Third, the Court notes the ALJ properly considered
16 that Miss Miller's opinion was inconsistent with the medical
17 evidence.  A reading of the ALJ's whole opinion informs her
18 evaluation of Miss Miller's opinion.  For example, the Court
19 notes the following:  The ALJ noted a June 2019 consultative
20 exam did not support a physical disability because plaintiff
21 showed normal gait and stance, used no assistive device,
22 needed no help changing or getting on and off the exam
23 table, would rise from a chair without difficulty, and
24 showed full strength.
25         The ALJ also noted although plaintiff cites to

1   Dr. White's July 2019 observation of lumbar tenderness with
2   a reduced range of motion, Dr. Puri also observed reduced
3   lumbar range of motion and back tenderness and still opined
4   that plaintiff had, at most, mild physical limitations.  In
5   addition, Dr. Baronos considered Dr. Puri's report and still
6   found that plaintiff could do light work with postural
7   limitations.  Moreover, Dr. Lawrence considered Dr. Puri's
8   report and specifically cited Dr. White's July 2019
9   observation of lumbar tenderness and still found that
10  plaintiff could do medium work with postural limitations.
11  The ALJ reasonably relied on those assessments over Miss
12  Miller's opinion.
13          With respect to plaintiff's arguments regarding
14  her daily activities, the ALJ supportably concluded that
15  plaintiff was doing some farm work based on her statements
16  documented in the record.  Moreover, plaintiff's daily
17  activities, which in addition to farm work included caring
18  for her five-year-old nephew, were just one piece of the
19  record that the ALJ noted were inconsistent with Miss
20  Miller's opined limitations and plaintiff's alleged
21  symptoms.  See Morris versus Commissioner of Social
22  Security, 12-cv-1795, that's a 2014 case, that can be found
23  at West Law 1451996, at page 8.  And that is a Northern
24  District New York April 14, 2014 case issued by District
25  Court Judge D'Agostino.  And that case stands for the

1 proposition the issue is not whether plaintiff's limited
2 liability -- excuse me, let me start that over again. The
3 issue is not whether plaintiff's limited ability to
4 undertake normal daily activities demonstrates her ability
5 to work. Rather, the issue is whether the ALJ properly
6 discounted plaintiff's testimony regarding her symptoms to
7 the extent that it is inconsistent with other evidence. In
8 this case further, the ALJ limited plaintiff to light work
9 with additional postural limitations.
10 Although I find that the ALJ's conclusion that
11 Miss Miller's opinion was internally inconsistent was poorly
12 phrased, I do not find that to be a basis for remand. The
13 ALJ stated that Miss Miller's, quote, opinion is internally
14 inconsistent, as the sit/stand would not allow her to change
15 positions for 15 minutes, when she is assessed as unable to
16 sit or stand for 15 minutes, end quote. That can be found
17 at docket number 12 at 27, transcript page 22.
18 Miss Miller opined that plaintiff could sit and
19 stand for 10 minutes at one time. In addition, Miss Miller
20 opined that plaintiff would need to take unscheduled breaks
21 during an 8-hour workday. Miss Miller opined that these
22 unscheduled breaks would occur every 1 to 2 hours, quote, to
23 change position, end quote, and plaintiff would require
24 approximately 15 minutes of rest before returning to work.
25 The ALJ's reference to 15-minute increments is

```
 1  puzzling because Ms. Miller's opinion merely stated that
 2  plaintiff would require approximately 15 minutes of rest
 3  after her unscheduled break before returning to work, during
 4  which she could presumably be changing positions as
 5  frequently as she desired.  Regardless of the ALJ's
 6  confusing wording, Miss Miller's opinion does appear
 7  internally inconsistent.  If plaintiff can only sit or stand
 8  for 10 minutes at one time, it appears as though she would
 9  require position changes more frequently than every 1 to 2
10  hours.
11             In addition, for the reasons set forth in
12  defendant's brief, the ALJ supportably concluded that Miss
13  Miller's opinion was not persuasive because it was not
14  supported by or consistent with the other evidence in the
15  record.
16             For these reasons as I just set forth in the
17  analysis, I therefore conclude that the plaintiff's motion
18  for judgment on the pleadings is denied.  Defendant's motion
19  for judgment on the pleadings is granted.  Plaintiff's
20  complaint is hereby dismissed.  And the Commissioner's
21  decision denying plaintiff benefits is affirmed.
22             That constitutes the decision and analysis of this
23  Court.
24                            - - - - -
25
```